#400

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ENRIQUE MARQUETTE and MONA BOVE, | : |
| Plaintiffs, | : CIVIL ACTION NO.: |
| v. | : **19  72** |
| RIVERSIDE TRANSPORT, INC., | : |
| Defendant. | : |

## NOTICE OF REMOVAL OF ACTION

Defendant, Riverside Transport, Inc., by and through its attorneys, Salmon, Ricchezza, Singer & Turchi, LLP, respectfully avers as follows:

1. Plaintiffs commenced a civil action against defendant in the Court of Common Pleas of Philadelphia County, Pennsylvania, on December 5, 2018, as a result of a January 17, 2017 motor vehicle accident. See Exhibit "A" – Plaintiffs' Complaint.

2. The Complaint, being the original process in this case, was first served on defendant, Riverside Transport, Inc., no earlier than December 11, 2018.

4. Accordingly, this Notice of Removal was filed within the time frame set forth in 28 U.S.C. §1446(d).

5. According to the Complaint, as a result of the aforesaid accident, plaintiff, Enrique Marquette, allegedly sustained injuries in and about the head, neck, back, body and extremities and/or aggravated a pre-existing condition concerning these parts, which injuries are or may be serious, severe and permanent; and a severe shock to the nervous system. See Exhibit "A" at ¶ 8.

{00348526.DOC}                                                  1

6. As a further result of the alleged carelessness and negligence of defendant, plaintiff Marquette "has suffered and may continue to suffer great physical pain and mental anguish; has been and may continue to be prevented from attending to plaintiff's usual activities, duties, and occupations; has suffered and may continue to suffer a loss of earnings and earning capacity; and has incurred and may continue to incur various medical expenses in and about an effort to cure said injuries." See Exhibit "A" at ¶ 8.

7. Plaintiff Marquette further alleged that as a direct result of this accident, he has and will hereinafter incur additional expenses or losses, which will exceed amounts which plaintiff may otherwise be entitled to recover under the Pennsylvania Motor Vehicle Financial Responsibility Act. See Exhibit "A" at ¶ 10.

8. Plaintiff Marquette demanded damages "in a sum in excess of Fifty Thousand ($50,000.00) Dollars. See Exhibit "A."

9. According to the Complaint, as a result of the aforesaid accident, plaintiff Mona Bove, allegedly sustained injuries in and about the head, neck, back, body and extremities and/or aggravated a pre-existing condition concerning these parts, which injuries are or may be serious, severe and permanent; and a severe shock to the nervous system. See Exhibit "A" at ¶ 12.

10. As a further result of the alleged carelessness and negligence of defendant, plaintiff Bove has suffered and may continue to suffer great physical pain and mental anguish; has been and may continue to be prevented from attending to plaintiff's usual activities, duties, and occupations; has suffered and may continue to suffer a loss of earnings and earning capacity; and has incurred and may continue to incur various medical expenses in and about an effort to cure said injuries. See Exhibit "A" at ¶ 12.

11. Plaintiff Bove further alleged that as a direct result of this accident, she has and will hereinafter incur additional expenses or losses, which will exceed amounts which plaintiff may otherwise be entitled to recover under the Pennsylvania Motor Vehicle Financial Responsibility Act. See Exhibit "A" at ¶ 13.

12. Plaintiff Bove demanded damages "in a sum in excess of Fifty Thousand ($50,000.00) Dollars. See Exhibit "A."

13. Based upon a fair reading of the Complaint, each plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

14. At all times material hereto, plaintiffs were and are residents and citizens of the Commonwealth of Pennsylvania, both residing at 302 Johnson Road, Boothwyn, Pennsylvania 19061. See Exhibit "A" – Plaintiffs' Complaint.

15. At all times material hereto, Riverside Transport, Inc., was and is a Delaware corporation with its principal place of business located in Kansas City, Kansas.

16. Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiffs and defendant since:

   a) Plaintiffs are residents and citizens of the Commonwealth of Pennsylvania; and

   b) Defendant is a citizen of a state other than Pennsylvania.

17. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446.

WHEREFORE, defendant, Riverside Transport, Inc., prays that the above action now pending against it in Court of Common Pleas of Philadelphia County, be removed therefrom to this Honorable Court.

Respectfully submitted,

SALMON, RICCHEZZA, SINGER & TURCHI, LLP

By: /s/ Robyn D. Kazatsky
Robyn D. Kazatsky
Attorneys for Defendant
1601 Market Street
Suite 2600
Philadelphia, PA 19103
rkazatsky@srstlaw.com
(T): (215) 606-6600
(F): (215) 279-9732

Dated: January 7, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal of Action was served via first-class mail, postage prepaid, on counsel for plaintiffs addressed as follows:

>Howard A. Taylor, Esquire
>123 S. Broad Street, Suite 1310
>Philadelphia, PA 19109
>*Attorneys for Plaintiffs*

SALMON, RICCHEZZA, SINGER & TURCHI, LLP

_____
Robyn D. Kazatsky

Dated: January 7, 2019

{00348526.DOC}

# EXHIBIT "A"

{00348526.DOC}

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**
DECEMBER 2018        000451
E-Filing Number: 1812007592

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ENRIQUE MARQUETTE | RIVERSIDE TRANSPORT, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 302 JOHNSON ROAD<br>BOOTHWYN PA 19061 | 5400 KANSAS AVENUE<br>KANSAS CITY KS 66106 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MONA BOVE | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 302 JOHNSON ROAD<br>BOOTHWYN PA 19061 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
- [ ] $50,000.00 or less
- [X] More than $50,000.00

**COURT PROGRAMS**
- [ ] Arbitration
- [ ] Jury
- [X] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
DEC 05 2018
A. SILIGRINI

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

### TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ENRIQUE MARQUETTE , MONA BOVE
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| HOWARD A. TAYLOR | 123 S. BROAD STREET<br>SUITE 1310<br>PHILADELPHIA PA 19109 |
| PHONE NUMBER: (215)732-9300 | FAX NUMBER: (215)732-4093 |
| SUPREME COURT IDENTIFICATION NO.: 41224 | E-MAIL ADDRESS: lawoffice@taylorlawemail.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY: HOWARD TAYLOR | DATE SUBMITTED: Wednesday, December 05, 2018, 10:38 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**HOWARD A. TAYLOR, LLC**
By: Howard A. Taylor, Esquire
Identification No: 41224
Suite 1310
123 S. Broad Street
Philadelphia, PA 19109
(215) 732-9300

THIS IS A MAJOR NON-JURY MATTER

*Filed and Attested by the Prothonotary Office of Judicial Records*
*05 DEC 2018 10:38 am*
*A. SILIGRINI*

Attorney for Plaintiff

ENRIQUE MARQUETTE
302 Johnson Road
Boothwyn, PA 19061
   And
MONA BOVE
302 Johnson Road
Boothwyn, PA 19061
   V.
RIVERSIDE TRANSPORT, INC.
5400 Kansas Avenue
Kansas City, Kansas   66106

## CIVIL ACTION
## MOTOR VEHICLE

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificaction. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la contra suya sin previo aviso o notificacion. Ademas, la corte puedo decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pager tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde su puede conseguir asistencia legal.* |
| Philadelphia Bar Association
Lawyer Referral and Information Services
One Reading Center
Philadelphia PA 19107
(215) 238-6333
TTY (215) 451-6197 | Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia PA 19107
(215) 238 - 6333 |

Case ID: 181200451

HOWARD A. TAYLOR, LLC
BY: Howard A. Taylor, Esquire
Identification No: 41224
123 So. Broad Street, Ste. 1310
Philadelphia, PA 19109
215-732-9300

THIS IS A MAJOR NON-JURY MATTER

---

ENRIQUE MARQUETTE
302 Johnson Road
Boothwyn, PA 19061
    And
MONA BOVE
302 Johnson Road
Boothwyn, PA 19061
    V.
RIVERSIDE TRANSPORT, INC.
5400 Kansas Avenue
Kansas City, Kansas 66106

## CIVIL ACTION COMPLAINT
### 2V - MOTOR VEHICLE

1. The plaintiff, **ENRIQUE MARQUETTE** is an adult individual residing at 302 Johnson Avenue, Boothwyn, PA 19061.

2. The Plaintiff, **MONA BOVE**, is an adult individual residing at 302 Johnson Avenue, Boothwyn, PA 19061.

3. Defendant, **RIVERSIDE TRANSPORT, INC.** is, upon information and belief, A public carrier regularly licensed and conducting business within the Commonwealth of Pennsylvania and City of Philadelphia with registered business offices at 5400 Kansas Avenue, Kansas City, Kansas 66106.

4. On or about January 17, 2017, plaintiff, Enrique Marquette was the driver of a motor vehicle owned by plaintiff, Monica Bove, who was a passenger in the vehicle which was traveling on I-76 near the Walt Whitman Bridge when his vehicle was sideswiped by a truck owned by

Case ID: 181200451

defendant, Riverside Transport, Inc. which was traveling in the same vicinity. The driver of defendant's truck said he was going to pull over but fled the scene without being identified further.

5. At all times relevant hereto, the operator of defendant's vehicle was an agent, workman, servant and/or employee acting within the scope of his employ.

6. The aforesaid accident was caused by the carelessness and negligence of the defendant, their agents, workman and employees, acting within the scope of their authority and consisted of the following:

> (a) operation of said vehicle at a high and excessive rate of speed under the circumstances;
>
> (b) failure to have said motor vehicle under proper and adequate control under the circumstances;
>
> c) fail to give proper and sufficient warning of the approach of his said automobile;
>
> (d) operated said motor vehicle without due regard to the rights and safety and position of the plaintiff aforesaid;
>
> (e) fail to keep a proper outlook ahead;
>
> (f) fail to yield the right way;
>
> (g) violate the various Ordinances of the City of Philadelphia and the Statues of the Commonwealth of Pennsylvania pertaining to the operation of motor vehicles upon the highways;
>
> (h) all of which the defendant knew or in the exercise of reasonable care, should have known caused an unreasonable risk of harm to the public and more particularly, to the plaintiffs herein.

### COUNT I
### ENRIQUE MARQUETTE V. DEFENDANT

7. Plaintiff, Enrique Marquette, hereby incorporates by reference the allegations contained in paragraphs 1 through 7 as fully as though the same were herein set forth at length.

Case ID: 181200451

8. Plaintiff sustained injuries in and about the head, neck, back, body and extremities and/or aggravated a pre-existing condition concerning these parts, which injuries are or may be serious, severe and permanent; and a severe shock to the nervous system. Plaintiff has suffered and may continue to suffer great physical pain and mental anguish; has been and may continue to be prevented from attending to plaintiff's usual activities, duties, and occupations; has suffered and may continue to suffer a loss of earnings and earning capacity; and has incurred and may continue to incur various medical expenses in and about an effort to cure said injuries.

9. As a further result of this accident and the injuries sustained therein, plaintiff has and may suffer a severe loss of earnings and/or impairment of earning capacity and power, which such loss of income and/or impairment of earning capacity and power has or may exceed the sum recoverable under the limitations of the Pennsylvania Motor Vehicle Financial Responsibility Act.

10. As a direct result of this accident, plaintiff has and will hereinafter incur additional expenses or losses, which will exceed amounts which plaintiff may otherwise be entitled to recover under the Pennsylvania Motor Vehicle Financial Responsibility Act.

WHEREFORE, plaintiff demands Judgment against the defendant in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II

### MONA BOVE V. DEFENDANT

11. Plaintiff, Mona Bove, hereby incorporates by reference the allegations contained in paragraphs 1 through 7 as fully as though the same were herein set forth at length.

12. Plaintiff sustained injuries in and about the head, neck, back, body and extremities and/or aggravated a pre-existing condition concerning these parts, which injuries are or may be serious, severe and permanent; and a severe shock to the nervous system. Plaintiff has suffered and may

continue to suffer great physical pain and mental anguish; has been and may continue to be prevented from attending to plaintiff's usual activities, duties, and occupations; has suffered and may continue to suffer a loss of earnings and earning capacity; and has incurred and may continue to incur various medical expenses in and about an effort to cure said injuries.

13. As a further result of this accident and the injuries sustained therein, plaintiff has and may suffer a severe loss of earnings and/or impairment of earning capacity and power, which such loss of income and/or impairment of earning capacity and power has or may exceed the sum recoverable under the limitations of the Pennsylvania Motor Vehicle Financial Responsibility Act.

14. As a direct result of this accident, plaintiff has and will hereinafter incur additional expenses or losses, which will exceed amounts which plaintiff may otherwise be entitled to recover under the Pennsylvania Motor Vehicle Financial Responsibility Act.

WHEREFORE, plaintiff demands Judgment against the defendant in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

Date: December 4, 2018

HOWARD A. TAYLOR, LLC

BY: _____
Howard A. Taylor, Esquire
Attorney for Plaintiff(s)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

19-72

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ENRIQUE MARQUETTE AND MONA BOVE

**(b)** County of Residence of First Listed Plaintiff  Delaware County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Howard A. Taylor, Esquire, 123 S. Broad Street, Suite 1310, Philadelphia, PA 19109 / 215-732-9300

## DEFENDANTS
RIVERSIDE TRANSPORT, INC.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Robyn D. Kazatsky, Salmon, Ricchezza, Singer & Turchi, LLP, 1601 Market St., Ste. 2500, Philadelphia, PA 19103 / 215-606-6600

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1441, 1446
Brief description of cause:
Motor Vehicle Accident with personal injury alleged

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

JAN - 7 2019

DATE
SIGNATURE OF ATTORNEY OF RECORD
Robyn Kazatsky
JAN - 7 2019

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

19  72

Address of Plaintiff: _302 Johnson Road, Boothwyn, PA 19061_

Address of Defendant: _5400 Kansas Avenue, Kansas City, KS 66106_

Place of Accident, Incident or Transaction: _I-76 near the Walt Whitman Bridge_

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _01/04/2019_   _Robyn Kapustky/acl_ (signature)   _92378_
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B.  **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [✓] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

JAN -7 2019

DATE: _____   _____   _____
                                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JAN -7 2019



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| ENRIQUE MARQUETTE and MONA BOVE | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| RIVERSIDE TRANSPORT, INC. | : | NO. **19 72** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| January 7, 2019 | Robyn D. Kazatsky | Riverside Transport, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-606-6600 | 215-279-9732 | Rkazatsky@srstlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN -7 2019

JAN -7 2019